THE GALENA AND CHICAGO UNION RAILROAD COMPANY, Appellant, *v.* AMELIA POUND *et al.,* Appellees.

### APPEAL FROM KANE.

In an action of trespass against a railroad company, for the use of a right of way, the proceedings of the company procuring the condemnation, are competent evidence, and are not to be impeached collaterally. All presumptions are in favor of the regularity of the proceeding.

The service of the preliminary notice, was a question in the proceeding, and if then adjudicated, cannot be attacked indirectly.

The same land sought to be condemned, must be described in the orders and judgment of the person who condemns.

THIS was an action of trespass *quare clausum fregit*, in the Kane Circuit Court.

The declaration contains two counts, and alleges divers trespasses, which were, in substance, that the appellant constructed a part of its railroad through the close described. The damages are laid at $2,000.

There was a plea of not guilty, with a stipulation, that the defendants in the court below, should be allowed to give in evidence upon the trial of the cause, any and all matters of defense that would be proper if specially pleaded.

At the May term, 1857, of the court, MANIERRE, Judge, presiding, there was a trial, which resulted in a verdict and judgment against the appellant for the sum of $650.

*Adin Mann* testified as follows: I am county surveyor; I know where the Bennett place is; it is on the east side of the river; it is the place that was deeded from German to the heirs of Comfort Bennett; the land is a part of the north-west quarter of section 12, and part of the north-east and north-west quarter

of section 11, township 39, range 8, in Geneva, Kane county; there is a railroad running through the land; it enters east side of the farm, twenty chains from north-east corner, and runs across it in nearly a westerly direction; it is the Galena and Chicago Union Railroad, air line; there are about nine $\frac{3}{100}$ acres included in the railroad fence; there is a cut, an excavation through the central part of the farm. The depth of it is about ten feet in the deepest part; the house on the farm is about opposite to the cut, and pretty near it; the earth taken out of the cut is on the north side of the track; there is some on the south; it remains as it was dropped from the cart; it is piled in a strip, in some places the dirt is thrown on the farm beyond the railroad fence; it is one hundred feet between the fences; one pile ran out about two rods; the narrow part is ten or twelve feet wide; there are other places where it is thrown beyond the fence; the soil is gravel; the height of it is two or three feet; the rut of the road is a slight embankment through the farm; the house is not far from the woods; it is quite near to the bushes. There is an orchard west of the house; the house is perhaps ten rods from the road, crossing over the road from one part of the farm to the other; the barn is not far from the house; south from the house, and a little west of the centre of the cut; the cut is not far from nine hundred feet in length; on north side of fence, the dirt is thrown about a rod from fence, for twenty rods. The soil is a mixture of clay and gravel.

The witness on his cross-examination testified: That the house is opposite the cut; the cut is near the west side of the farm as a whole; I know where the east line of the farm is; it is prairie on the east side, and timber on the west end. One-fourth part of distance run through by road is timber or brush, mostly cut off, and the rest is prairie; three-fourths of the distance is prairie; the cut is partly on fields and runs into the timber. The timber extends further east on the north side of the track; the timber extends quite a distance along the cut; in going east, I think the timber extends back before you leave the cut.

I know where the old house is, it is east of the crossing about forty rods; I saw but one crossing; there is another crossing near the farm. I measured the distance between the railroad fences west of the house; I did not see any dirt on the west side of the house. The cut begins and ends on the farm; after you leave the cut it is prairie and slight fill; towards the east end there is a slight cut again; after leaving the farm there is a slight fill, then a cut again; cut is ten feet, not including spoil. The rail road fences are one hundred feet apart, the line of the road is the centre; in the deepest part of the cut the fence is

thrown back farther than one hundred feet.   In the highest part on the north side of the cut, the dirt is thrown more than forty feet beyond the fence, and fifty feet from the centre of the road. I did not measure where the fence was thrown back; at the deepest part, and on the north side of the cut, the dirt is thrown one hundred feet from the centre of the road; I measured from the centre of the road, just west, where the fence was thrown back some forty feet; the condition of it is, that it appears to be as it was left when the dirt was taken out and dumped; it is pretty rough and uneven; it was some ten or fifteen feet outside of forty feet from the centre, along the centre as above noted. This is my judgment, I did not measure it; the cut is fifty rods long ; the road is fenced out one hundred feet, and the dirt is thrown out beyond the fence for twenty-five rods in all.   The cut was shallow where I measured, one side is perhaps six, and the other two feet deep; it is a railroad fence.   On the north side, the timber extends further east than on the south side; east of the cut the fence comes in to one hundred feet, the fence recedes for six hundred and thirty-five or six hundred and forty feet; I measured the distance, commencing at a point on north side, eighteen hundred and sixty-three feet from the east line of land, thence west seven hundred and five feet, it will reach a little beyond where the fence is thrown back; the cut does not extend to the east line of the farm.   No dirt is deposited outside at the rail of the one hundred feet line ; on the north line, fifty-five feet would be the extent; the dirt is thrown beyond the fifty feet from the centre.

It is admitted by the defendants' counsel, that the plaintiffs, as the children and widow of Comfort Bennett, are the owners of and were in possession of the farm from the time of the commencement of building said road until the commencement of this suit.

The defendants offered to read to the jury, as evidence in the case, from the records in the recorder's office of Kane county, Illinois, the record of the report of the appraisers, and the order of the judge upon the same, being the proceedings had for obtaining the right of way through the lands in question, under the charter of said defendants, as follows:

*To the* HON. ISAAC G. WILSON, *Judge of the* 13*th Judicial Circuit, and Judge of the Circuit Court of Kane County, Illinois :*

The undersigned, appraisers appointed by your honor, on the 15th day of June, 1853, as appraisers in the matter of the petition of the *Galena and Chicago Union Railroad Company* v. *Mary Pound* and others in said petition named, for the right of

way for said company over the lands therein set forth, in obedience to the following order, to wit:

" In the matter of the petition of the Galena and Chicago Union Railroad Company, for the appointment of appraisers for right of way over lands in Kane county, in the State of Illinois, the Galena and Chicago Union Railroad Company having heretofore, on the 9th day of June, 1853, presented to me their petition for the appointment of appraisers to assess damages the owners of land mentioned in said petition will sustain by reason of. the appropriation of the lands belonging to them, in the county of Kane, for the construction of said road; and this 14th day of June, 1853, having been appointed by me for a hearing upon said petition, at the clerk's office in Geneva, in the county of Kane, by my order on said petition indorsed,

" Now this 14th day of June, 1853, at the clerk's office in Geneva, in said county, at one o'clock, P. M., of said day, appeared the said Galena and Chicago Union Railroad Company, by John A. Holland, their attorney, before me, the undersigned Isaac G. Wilson, Judge of the thirteenth judicial circuit of the State of Illinois, and of the Circuit Court of Kane county aforesaid, and the owners of the several parcels of land described in said petition; Charity Herrington also appeared by A. M. Herrington, her attorney; the other owners did not appear. And it appearing that Sarah Elizabeth Bennett, Jane Bennett, Josiah Bennett, John Bennett, William Bennett and Harriet Amelia Bennett, in said petition named as owners of land therein described, are infants, Augustus M. Herrington, Esq., a discreet and reputable person, is hereby appointed to act in the premises in their behalf.

" And it appearing that notices have been served on the several owners of land described in said petition, by affidavits shown to the undersigned herein, and it appearing to the undersigned that the Galena and Chicago Union Railroad Company are desirous of appropriating for the use of said company, for the right of way and for depot and other purposes, the several tracts of land described in said petition, and hereinafter described, and belonging to the several owners hereinafter named, which several tracts of land, situated in Kane county aforesaid, which are to be appropriated by said company for the purposes aforesaid, and upon which damages are to be assessed by reason of said appropriation, are particularly and specifically described as follows, to wit: ' Part of the north-west quarter of section twelve, and of the north-east quarter of section eleven, in township thirty-nine north, in range eight east of the third principal meridian, belonging to Lyman German, in whom is the legal title, and Mary Pound, Sarah Elizabeth Bennett, Jane Bennett,

Josiah Bennett, John Bennett, William Bennett and Harriet Amelia Bennett, have an equitable interest. The centre line of said railroad enters section twelve on its east line, seven hundred and fifty feet from its north-east corner, and runs thence south 83° west, four thousand five hundred and fourteen feet, to the land of said Bennetts ; thence on the same course, one thousand one hundred and sixty-eight feet ; thence on a curve deflecting to the south with a radius of twenty-two thousand nine hundred and twenty feet, five hundred feet ; thence on a course tangent to said curve, south 81° 45' west, two thousand two hundred and eighty-three feet, to the west line of said land, taking for the use of said railroad, a strip of land fifty feet wide on each side of the centre line of said railroad, as the same is staked off and located over and through said land, containing nine $\frac{8}{100}$ acres, and an additional strip of land, forty feet wide, adjoining lands taken as above for right of way, on the north side thereof, commencing at a point one thousand eight hundred and sixty-three feet from the east line of said land, and running thence westerly seven hundred and five feet, for the purpose of depositing waste thereon, and containing in all, being the land above taken, and this land, nine and $\frac{13}{100}$ acres.'

" And it also appearing to the undersigned, he having examined said petition of the said Galena and Chicago Union Railroad Company, touching the appropriation of lands in said county of Kane, as above described and specified, belonging to the aforesaid owners, and it appearing to be necessary for the construction of said railroad, that said land above mentioned should be appropriated by said company, and the damages arising thereby, appraised as prayed in said petition, and no cause being shown against the prayer of said petition, and why such appraisers should not be appointed according to the prayer of said petition ; now, therefore, it is hereby ordered that William B. West, Joel McKey and William B. Plato, three disinterested freeholders, and residents of the said county of Kane, be, and they are hereby appointed appraisers for the purpose of assessing the damages which the several owners of land hereinbefore mentioned, shall sustain by reason of the appropriation of the lands above mentioned, and particularly specified ; which several lands, appropriated by said company, and to be occupied by them as above particularly specified. And it is further ordered that said appraisers after being duly sworn, assess said damages by viewing the said premises above described, and such evidence as may be submitted to them, and make report to the undersigned in writing, and therein specify the damages which the several owners of said land may sustain respectively. In pursuance of the power and authority in me vested, by the act

entitled ' An act to incorporate the Galena and Chicago Union Railroad Company,' approved January 16th, 1836. Done at Geneva, in the county of Kane, at the clerk's office, this 14th day of June, 1853.

ISAAC G. WILSON,
*Judge of the 13th Judicial Circuit Court, of the County of Kane, in the State of Illinois.*"

Beg leave to report that on the 22nd day of June, 1853, after being duly sworn by James Herrington, clerk of the County Court of Kane county, an officer properly authorized to administer oaths, honestly and impartially to assess such damages as the several owners of the respective parcels of land in said order described, will sustain by reason of the appropriating of said respective parcels of land for the use and accommodation of said Galena and Chicago Union Railroad Company, proceeded to view said parcels of land, and hear such other evidence as the said several persons produced before us, the said Augustus M. Herrington appearing before us in behalf of the several persons above named, for whom he was appointed to act in the premises, and also as attorney for Charity Herrington. George P. Hanson and Timothy Kune, also appeared before us in respect to the lands severally owned by them, as above mentioned. The other owners above mentioned did not appear before us. The said Galena and Chicago Union Railroad also appeared by their attorney ; and thereupon, and being fully advised in the premises, we assess the damages that Lyman German, Mary Pound, Sarah Elizabeth Bennett, Jane Bennett, Josiah Bennett, John Bennett, William Bennett and Harriet Amelia Bennett, will sustain by reason of the appropriation of that part of their land by said Galena and Chicago Union Railroad Company, in manner and form as set forth in said order, at the sum of fifty dollars.

All which is respectfully submitted.

WILLIAM B WEST,
JOEL McKEY,
W. B. PLATO.

STATE OF ILLINOIS.

The foregoing Report having been made to me, and none of the parties therein named expressing any dissatisfaction with their respective assessments, said Report is hereby approved. In case it shall become necessary to deposit any of the sums aforesaid, for the use of any of said parties, the money is to be deposited with Charles Patten, Esq., of Geneva, Kane county.

ISAAC G. WILSON, *Judge 13th Circuit.*

Filed and recorded July 6th, 1853, at 6 o'clock, P. M. }
L. DEARBORN, *Recorder.* }

To the introduction of which record the plaintiffs objected ; the court sustained the objection, and refused to allow the same to

be read as evidence, to which decision of the court in excluding said record, the defendants, by their counsel, excepted.

The defendants then introduced and read to the jury, from the printed statutes of this State, the act and amendments incorporating said defendants, as a railroad company, viz.: charter and amendments.

The defendants then offered in evidence, to prove a compliance with the terms and conditions of their charter in relation to right of way, through the lands in question, the following papers, viz.:

*To the Hon. Isaac G. Wilson, Judge of the 13th Judicial Circuit and Presiding Judge of the Circuit Court of the county of Kane, in and for the State of Illinois:*

Your petitioners, the Galena and Chicago Union Railroad Company, by John A. Holland, their attorney, represent to your Honor that said company are about to construct a railroad through said Kane county, and over certain lands lying in said county, and hereinafter described, belonging to the several owners hereinafter mentioned, over a portion of which lands the said company are desirous of constructing said road, and obtaining the right of way therefor, and are also desirous of obtaining other lands along the line of said proposed railroad for depot grounds and for the purpose of locating thereon depot and other buildings of said road, and appendages thereof, and for the purpose of obtaining earth and other materials for the construction of said road. That said company have heretofore been, and now are, unable to obtain from said owners of said land, the right of way over said land or the said lands wanted for the depot and other purposes above mentioned, by purchase, release, conversion or otherwise; that said lands, which the said company have been unable to obtain the right of way over, and which they have been unable to obtain for the other purposes aforesaid, are severally described as follows, to wit: part of the north-west quarter of section twelve, and of the north-east quarter of section eleven, in township thirty-nine north, in range eight east of the third principal meridian, the legal title to which, or a part thereof, appears of record to be in Lyman German of said county of Kane; but your petitioners have been informed, and believe, that one Comfort Bennett, formerly of said Kane county, but now deceased, in his lifetime occupied said land, claiming to be the owner thereof, and that since his decease, his widow and heirs at law have occupied and continue to occupy said land, under a like claim of title. That the names of said widow and heirs at law, are Mary Pound, widow of said Bennett of Kane county aforesaid, and Sarah Elizabeth, Jane, Josiah, John, William, and Harriet Amelia, all of said heirs being infants, not

arrived at full age, and all are residents of the State of New York. The centre line of said railroad enters section twelve on its east line, seven hundred and fifty-seven feet from its northeast corner, and runs thence north 83° west four thousand five hundred and fourteen feet, to the land of said heirs; thence on the same course, one thousand one hundred and sixty-eight feet; thence on a curve deflecting to the south with a radius of twenty-two thousand nine hundred and twenty feet, five hundred feet; thence on a course tangent to said curve south 81° 45' west two thousand two hundred and eighty-three feet, to the west line of said land, taking for the use of said railroad a strip of land fifty feet wide on each side of the centre line of said railroad, as the same is staked off and located, over and through said land, containing nine and $\frac{2}{100}$ acres.

Your petitioners further show, that they will also need for the purpose of depositing waste thereon, an additional strip of land sixty feet wide, adjoining land taken as above for right of way, commencing at a point one thousand feet westerly from the west line of said land and running thence easterly one hundred feet, containing one and $\frac{1}{100}$ acre.

And your petitioners further show that the survey of said lines as aforesaid, were made within three months last past, and that the lands mentioned in the aforementioned descriptions were all run by the magnetic meridian.

Your petitioners would therefore pray your Honor to fix some day, as soon as will be convenient and proper, for the appointment of appraisers, as provided in the charter of said company, to appraise the damages the said owners above mentioned will sustain by reason of the appropriation of said lands, belonging to them and above described, for the construction of said railroad and its appendages. And your petitioners will ever pray, etc.

Dated this ——— day of June, 1853.

        JOHN A. HOLLAND, *Attorney for said Company.*

The above petition of the Galena and Chicago Union Railroad Company, having this day been presented to me, for the appointment by me of appraisers to assess the damages arising from the appropriation of certain lands mentioned in said petition for the construction of said road, and for obtaining the right of way over said land, according to the charter of said company,

Now, therefore, I do hereby appoint Tuesday, the 14th day of June, instant, at one o'clock, P. M., at the clerk's office in Geneva, in said county of Kane, when and where I will be present and appoint said appraisers; and I do hereby further order, that said railroad company give three days' notice to the per-

sons mentioned in said petition, of the time and place of making such appointment in the matter of the petition.

Dated this 9th day of June, 1853.

ISAAC G. WILSON,
*Judge of the 13th Judicial Circuit in the State of Illinois, and Presiding Judge of the Circuit Court of Kane county, in said State.*

In the matter of the petition of the Galena and Chicago Union Railroad Company, for the right of way over lands in Kane county, in the State of Illinois.

The Galena and Chicago Union Railroad Company having heretofore, on the 9th day of June, 1853, presented to me their petition for the appointment of appraisers, to assess damages the owners of lands, mentioned in said petition, will sustain by reason of the appropriation of the lands belonging to them, in the county of Kane, for the construction of said road, and this 14th day of June, 1853, having been appointed by me for a hearing upon said petition, at the clerk's office in Geneva, in the county of Kane, by my order on said petition indorsed,

Now, this 14th day of June, 1853, at the clerk's office in Geneva, in said county, at one o'clock, P. M., of said day, appears the said Galena and Chicago Union Railroad Company, by John A. Holland, their attorney, before me the undersigned, Isaac G. Wilson, Judge of the 13th Judicial Circuit of the State of Illinois, and of the Circuit Court of Kane county aforesaid, and the owners of the several parcels of land described in said petition; Charity Herrington also appears, by A. M. Herrington, her attorney; the other owners did not.

And it appearing that Sarah Elizabeth Bennett, Jane Bennett, Josiah Bennett, John Bennett, William Bennett, and Harriet Amelia Bennett, in said petition named as owners of land therein described, are infants, Augustus M. Herrington, Esq., a discreet and reputable person, is hereby appointed to act in the premises in their behalf.

And it appearing that notices have been served on the several owners of land described in said petition, by affidavit shown to the undersigned, herein; and it appearing to the undersigned, that said Galena and Chicago Union Railroad Company, are desirous of appropriating for the use of said company—for right of way, and for depot and other purposes, the several tracts of land described in said petition, and hereinafter described, and belonging to the several owners hereinafter named, which several tracts of land, situate in Kane county aforesaid, which are to be appropriated by said company for the purposes aforesaid, and upon which damages are to be assessed, by reason of such appropriation, are particularly and specifically described as follows, to wit: part of the north-west quarter of section twelve,

and of the north-east quarter of section eleven, in township thirty-nine north, in range eight east of the third principal meridian, belonging to Lyman German, in whom is the legal title, and Mary Pound, Sarah Elizabeth Bennett, Jane Bennett, Josiah Bennett, John Bennett, William Bennett and Harriet Amelia Bennett, have an equitable interest.

The centre line of said railroad enters section twelve on its east line, seven hundred and fifty-seven feet from its north-east corner, and runs thence south 83° west four thousand five hundred and fourteen feet to the land of said Bennetts ; thence on the same course one thousand one hundred and sixty-eight feet; thence on a curve deflecting to the south with a radius of twenty-two thousand nine hundred and twenty feet, five hundred feet ; thence on a course tangent to said course south 81° 45′ west, two thousand two hundred and eighty-three feet, to the west line of said land, taking for the use of said railroad, for the right of way purposes, a strip of land fifty feet wide on each side of the centre line of said railroad, where the same is staked off and located over and through said land, containing nine $\frac{9}{100}$ acres, and an additional strip of land adjoining the above, at the north side thereof, forty feet wide, and extending from a point one thousand eight hundred and sixty-three feet from the east line of said land, westerly seven hundred feet, for the purpose of depositing waste thereon, and containing in all, being the lands above taken, and this land, nine and $\frac{13}{100}$ acres. The survey of said lines as aforesaid, were made within three months last past, and that the courses mentioned in the aforementioned descriptions, were all run by the magnetic meridian.

And it also appearing to the undersigned, he having examined said petition of the said Galena and Chicago Union Railroad Company, touching the appropriation of land in said county of Kane, as above described and specified, belonging to the aforesaid owners, and it appearing to be necessary for the construction of said railroad, that said land above mentioned should be appropriated by said company, and the damages occasioned thereby appraised as prayed in said petition.

And no cause being shown against the prayer of said petition, and why such appraisers should not be appointed according to the prayer of said petition ; Now, therefore, it is hereby ordered, that William B. West, Joel McKey and William B. Plato, three disinterested freeholders and residents of said county of Kane, be and they are hereby appointed appraisers for the purpose of assessing the damages which the several owners of land hereinbefore mentioned shall sustain by reason of the appropriation of the lands above mentioned and particularly specified, which several lands appropriated by said company, and to be occupied

by them, are above particularly specified. And it is further ordered, that said appraisers, after being duly sworn, assess said damages by viewing the said premises above described and such evidence as may be submitted to them, and make report to the undersigned in writing, therein specifying the damages which the several owners of said land may sustain respectively. In pursuance of the power and authority in me vested, by the act entitled "An act to incorporate the Galena and Chicago Union Railroad Company," approved January 16th, 1836. Done at Geneva, in the county of Kane, at the clerk's office, this 14th day of June, 1853.

ISAAC G. WILSON,
*Judge of the 13th Judicial Circuit, and of the Circuit Court of the County of Kane,*
*in the State of Illinois."*

*To the* HON. ISAAC G. WILSON, *Judge of the 13th Judicial Circuit and Judge of the Circuit Court of Kane county, Illinois.*

The undersigned, appraisers appointed by your honor, on the 15th day of June, 1853, as appraisers in the matter of the petition of the Galena and Chicago Union Railroad Company *v.* Mary Pound and others, in said petition named, for the right of way for said company, over the lands therein set forth, in obedience to the following order, to wit:

In the matter of the petition of the Galena and Chicago Union Railroad Company for the appointment of appraisers, for the right of way over lands, in Kane county, in the State of Illinois, the Galena and Chicago Union Railroad Company, having heretofore, on the 9th day of June, 1853, presented to me their petition, for the appointment of appraisers to assess damages the owners of land mentioned in said petition will sustain by reason of the appropriation of the land belonging to them in the county of Kane, for the construction of said road, and this 14th day of June, 1853, having been appointed by me for a hearing upon said petition, at the clerk's office in Geneva, in the county of Kane, by my order on said petition indorsed,

Now this 14th day of June, 1853, at the clerk's office in Geneva, in said county, at one o'clock, P. M., of said day, appeared the said Galena and Chicago Union Railroad Company, by John A. Holland, their attorney, before me, the undersigned, Isaac G. Wilson, Judge of the 13th Judicial Circuit of the State of Illinois, and of the Circuit Court of Kane county aforesaid, and the owners of the several parcels of land ; Charity Herrington also appeared by A. M. Herrington, her attorney ; the other owners did not appear. And it appearing that Sarah Elizabeth Bennett, Jane Bennett, Josiah Bennett, John Bennett, William Bennett and Harriet Amelia Bennett, in said petition named as owners of land therein described, are infants, Augus-

27

tus M. Herrington, Esq., a discreet and reputable person, is hereby appointed to act in the premises in their behalf.

And it appearing that notices have been served on the several owners of land described in said petition, by affidavit shown to the undersigned herein, and it appearing to the undersigned that the said Galena and Chicago Union Railroad Company are desirous of appropriating, for the use of said company, for the right of way, and for depot and other purposes, the several tracts of land described in said petition, and hereinafter described, and belonging to the several owners hereinafter named, which several tracts of land, situate in Kane county, aforesaid, which are to be appropriated by said company, for the purposes aforesaid, and upon which damages are to be assessed by reason of such appropriation, are particularly and specifically described as follows, to wit: part of the north-west quarter of section twelve, and of the north-east quarter of section eleven, in township thirty-nine north, in range eight east of the third principal meridian, belonging to Lyman German, in whom is the legal title, and Mary Pound, and Sarah Elizabeth Bennett, Jane Bennett, Josiah Bennett, John Bennett, William Bennett, and Harriet Amelia Bennett, have an equitable interest. The centre line of said railroad enters section twelve, on its east line, seven hundred and fifty-seven feet from its north-east corner, and runs thence south 83° west, four thousand five hundred and fourteen feet, to the land of said Bennetts; thence on the same course, one thousand one hundred and sixty-eight feet; thence on a curve deflecting to the south with a radius of twenty-two thousand nine hundred and twenty feet, five hundred feet; thence on a course tangent to said curve south 81° 45' west, two thousand two hundred and eighty-three feet, to the west line of said land, taking for the use of said railroad, a strip of land fifty feet wide on each side of the centre line of said railroad, as the same is staked off and located, over and through said area, containing nine and $\frac{2}{100}$ acres; and an additional strip of land, forty feet wide, adjoining land taken as above, for right of way, on the north side thereof, commencing at a point one thousand eight hundred and sixty-three feet from the east line of said land, and running thence westerly seven hundred and five feet, for the purpose of depositing waste thereon, and containing in all, being the lands above taken and this land, nine and $\frac{13}{100}$ acres.

And it also appearing to the undersigned, he having examined said petition of the said Galena and Chicago Union Railroad Company, touching the appropriation of land in said county of Kane, as above described and specified, belonging to the aforesaid owners, and it appearing to be necessary for the

construction of said railroad that said land above mentioned should be appropriated by said company, and the damages occasioned thereby, appraised as prayed in said petition.

And no cause being shown against the prayer of said petition, and why said appraisers should not be appointed according to the prayer of said petition ; Now therefore, it is hereby ordered, that William B. West, Joel McKey and William B. Plato, three disinterested freeholders, and residents of said county of Kane, be, and they are hereby appointed appraisers, for the purpose of assessing the damages which the several owners of land hereinbefore mentioned will sustain by reason of the appropriation of the lands above mentioned and particularly specified, which several lands appropriated by said company, and to be occupied by them, are above particularly specified. And it is further ordered, that said appraisers, after being duly sworn, assess said damages, by viewing the said premises above described, and such evidence as may be submitted to them, and make report to the undersigned in writing, and therein specify the damages which the several owners of said land may sustain respectively. In pursuance of the power and authority in me vested, by the act entitled, " An Act to incorporate the Galena and Chicago Union Railroad Company," approved January 16th, 1836.

Done at Geneva, in the county of Kane, at the clerk's office, this 14th day of June, 1853.

ISAAC G. WILSON,<br>
*Judge of the 13th Judicial Circuit Court, of the county of Kane,*<br>
*in the State of Illinois.*

Beg leave to report, that on the 22nd day of June, 1853, after being duly sworn by James Herrington, clerk of the County Court of Kane county, an officer properly authorized to administer oaths, honestly and impartially to assess such damages as the several owners of the respective parcels of land in said order described will sustain, by reason of the appropriation of said respective parcels of land, for the use and accommodation of said Galena and Chicago Union Railroad Company, proceeded to view said parcels of land, and hear such other evidence as the said several persons produced before us. The said Augustus M. Herrington appearing before us in behalf of the several persons above named for whom he was appointed to act in the premises, and also as attorney for Charity Herrington. George P. Hanson and Timothy Kune also appeared before us in respect to the lands severally owned by them, as above mentioned. The owners above named did not appear before us. The said Galena and Chicago Union Railroad also appeared by their attorney, and thereupon and being advised in the premises, we assess the damages that Lyman German, Mary Pound, Sarah

Elizabeth Bennett, Jane Bennett, Josiah Bennett, John Bennett, William Bennett and Harriet Amelia Bennett, will sustain by reason of the appropriation of that portion of said lands by said Galena and Chicago Union Railroad Company, in manner and form as set forth in said order, at the sum of fifty dollars. All of which is respectfully submitted.

WILLIAM B. WEST,<br>JOEL McKEY,<br>W. B. PLATO.

STATE OF ILLINOIS.

The foregoing report having been made to me, and none of the parties therein named expressing any disatisfaction with their respective assessments, said report is hereby approved. In case it shall become necessary to deposit any of the sums assessed, for the use of any of the said parties, the money is to be deposited with Charles Patten, Esq., of Geneva, Kane county.

July 1st, 1853.                         ISAAC G. WILSON, *Judge 13th Circuit.*

Filed and recorded this 6th day of July, 1853, at 6 o'clock, P. M.

L. DEARBORN, *Recorder of Kane County.*

To the introduction of which, as evidence to the jury, the plaintiffs, by their counsel, objected; the court sustained said objection, and refused to allow said papers to be read as evidence of title or right of way in the defendants, but not for the purpose of showing good faith on their part in making their entry on the land in question; but the defendants insisted on the reading of said papers, as evidence of title or right of way, and declined to offer them for any other purpose — whereupon the court excluded the same from the jury; to which decision of the court in excluding said evidence, the defendants, by their counsel, excepted.

The defendants then offered to prove that the amount of compensation allowed the plaintiffs by the appraisers as mentioned in their report, was deposited at the place and with the person named, and in pursuance of the orders of the judge, made upon that subject, and still remains with him, and that the defendants had paid the expense of said appraisement, all of which was admitted to be true by the plaintiffs.

The plaintiffs then introduced as a witness, *J. H. Mayborne,* who testified as follows: "I received this paper from my client, as a paper purporting to be a notice in the condemnation of the land; I received this notice about 1st of August, 1853, from John Bennett; it may have been later — it was during the fall of 1853."

It was admitted by the defendants, that the notice spoken of and exhibited by Mr. Mayborne, was in the hand-writing, and signed by the attorney of the said defendants.

The plaintiffs then offered, as evidence in the case, the notice mentioned by said witness; to the introduction of which evi-

dence, the defendants objected; the court overruled the objection, and allowed the paper to be read to the jury as follows:

To Mrs. Mary Pound, John Bennett, William Bennett, Sarah Elizabeth Bennett, Jane Bennett, Joseph Bennett, Harriet Amelia Bennett and Lyman German:

Please to take notice, that the Galena and Chicago Union Railroad Company will apply to the Honorable Isaac G. Wilson, Judge of the 13th Judicial Circuit, of the State of Illinois, and presiding Judge of the Kane county Circuit Court, at the clerk's office, in Geneva, in the county of Kane, on the 14th day of June, 1853, at 1 o'clock, P. M., of that day, to appoint three disinterested persons, freeholders, and residents of the said county of Kane, appraisers, to assess the damages which you, the said several persons above named, may sustain by reason of the appropriation of so much of your land as is required for the use of said railroad company, pursuant to an act entitled, "An Act to incorporate the Galena and Chicago Union Railroad Company," approved January 16th, 1836, which said land so required is described as follows, to wit: a strip of land one hundred feet wide, being fifty feet wide on each side of the centre line of said railroad, where the same is located over the north-west quarter of section twelve, and the north-east quarter of section eleven, in township thirty-nine, in range nine east of the third principal meridian, and for the distance of one thousand feet from the west line of said land, crossed by said railroad, a strip of land one hundred and sixty feet wide, being eighty feet wide on each side of said centre line of said railroad.

Yours, &c.,          JOHN A. HOLLAND,
*Attorney for the said Galena and Chicago Union Railroad Company.*
Dated June 10th, 1853.

It is admitted, that this notice is in the hand-writing of the authorized attorney of the company, at its date, and made at engineer's office, at Geneva, and in the usual form of like notices for such purposes.

To which decision of the court in overruling said objection, and allowing said paper to be read as evidence, the defendants by their counsel at the time excepted.

The jury rendered a verdict for the plaintiffs, for $650.

The defendants moved the court to set aside the verdict, and grant them a new trial, because the court erred—

1st. In admitting improper evidence on the part of the plaintiffs.

2nd. In excluding proper evidence offered by defendants.

3rd. The verdict was contrary to the law and the evidence.

The court overruled said motion for a new trial, and rendered judgment on the verdict, to which decision of the court in

overruling said motion for a new trial, and rendering a judgment on said verdict, the defendants, by their counsel, excepted.

The following errors are assigned:

The court below erred in admitting improper evidence on the part of the plaintiffs below.

The court below erred in excluding proper evidence offered on the part of the defendants below.

The court below erred by giving oral instructions to the jury.

The court below erred in rendering judgment upon the verdict of the jury, which was contrary to law and evidence.

The court below erred in overruling a motion for a new trial.

E. Peck, for Appellant.

J. H. Mayborne, for Appellees.

Caton, C. J.  We are of opinion that the record of the proceeding before Judge Wilson, for the purpose of obtaining the right of way, which was offered on the trial below, was competent evidence and should have been admitted.  The judge before whom that proceeding was had, was exercising a special jurisdiction, conferred upon him by statute, and hence it was necessary to show that it was such a case as authorized him to act,—that the facts existed, or at least were alleged to exist, which gave him jurisdiction of the subject matter.  It was sufficient if those facts appeared in the averments of the petition or in the order of the judge, or indeed in any part of the record. When such an application was presented as required him to act, then he acquired jurisdiction over the subject.  He was then properly set to work.  When jurisdiction is once shown to have attached, his authority to act, was as complete as is the authority of the Circuit Court in any matter of which it has jurisdiction, and the intendments and presumptions in favor of the correctness of the action had and judgment pronounced, are as strong in the one case as in the other.  In this case every necessary fact appears in the record to require the tribunal to act,—to give it jurisdiction.  It then had a right to adjudge as to all matters within its jurisdiction, and its judgments were conclusive in all collateral proceedings, and the correctness of such judgments could only be examined upon a direct proceeding, before a superior tribunal for the purpose of reversing them.  The service of a proper notice in this case, was in *pais* to be proved, the same as any other fact.  The court heard the proof of the service of such a notice, and found and adjudged " that notices have been served on the several owners described in said petition by

affidavit shown," etc.   That affidavit was a part of the record, and if it did not contain sufficient evidence of the fact thus found to be true, that would have been sufficient to have reversed the order on a direct proceeding, but the court could not look into it nor pass upon its sufficiency in any collateral proceeding.   The necessary jurisdictional facts appearing in the record, the court was authorized to adjudge, and its judgment is conclusive in this action.   The record should have been admitted.   This record can of course afford no justification for depositing the waste material outside or beyond the line of the land, mentioned in the petition, and the order of the court as condemned to the use of the road.   In order to give the court jurisdiction to condemn, the land sought should be mentioned in the petition, and the same land must be described in the several orders of the court where it should properly occur, and in the final order.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*

WALKER, J.   I dissent from the conclusion at which the majority of the court has arrived in this case.