SMITH TOWNSEND

*v.*

THE CHICAGO AND ALTON RAILROAD COMPANY.

1. RIGHT OF WAY—*constitutionality of law giving right to use land before pay-
ment of compensation.* A section in a railroad charter passed under the consti-
tution of 1848, which allowed the taking of lands of persons for right of way
by condemnation proceedings before either ascertainment or payment of com-
pensation, was not in violation of such constitution.

2. SAME—*sufficiency of petition.* A statute authorizing the appointment of
commissioners to ascertain the damages which the owners of lands taken
for right of way *have* sustained, means also those that the owner will there-
after sustain. Therefore a petition for the appointment of such commissioners
to assess the damages the owners *will* sustain is not invalid in not using the
words "have sustained."

3. SAME—*condemnation can not be attacked collaterally for error.* Where com-
missioners have been duly appointed according to law to condemn land for
right of way and assess damages, and have jurisdiction of the matters acted
on by them, their action will be conclusive in all collateral proceedings.

APPEAL from the Circuit Court of Tazewell county; the
Hon. JOHN BURNS, Judge, presiding.

The appellant commenced his suit against the appellee, in
ejectment, to the circuit court of Mason county, to recover the
possession of a certain parcel of land described in the declara-
tion. The summons was returned to the November term of
that court, 1873, and the declaration filed of that term.

The defendant pleaded not guilty, in the usual form, and,
on leave, filed certain special pleas, each of which was held
bad on demurrer. There was a change of venue, the cause

was transferred to Tazewell county, and on September 21, 1875, the cause was tried by the court without a jury. The court found the defendant not guilty, and, after motion for a new trial overruled, rendered judgment on the finding against the plaintiff for costs, and plaintiff appealed.

At the trial the title of the plaintiff was admitted unless defendant had right of possession under certain condemnation proceedings taken by the St. Louis, Jacksonville and Chicago railroad by virtue of an act of the General Assembly of the State of Illinois, entitled "An act to construct a railroad from Jacksonville, in Morgan county, to Alton, in Madison county," approved February 15, 1851, and certain other acts amendatory thereof, and others. The defendant offered the several acts in evidence.

The defendant then offered in evidence the petition of the last mentioned corporation to the judge of the first judicial circuit, setting forth the necessity to enter upon and take and use for railroad purposes certain lands, among which are the lands in controversy,—setting forth, also, the non-residence of some of the owners and the minority of others, and that in order to ascertain the amount to be paid as damages for entering, etc., it was necessary to have the appointment of commissioners to determine the damages which the owners will sustain by the occupation, etc., and asking such appointment. The introduction of the petition was objected to, the objection overruled, and the petition was read, and exception taken.

The order for the appointment of commissioners was offered, and received under objection. The report of the commissioners was next offered, and received under like objection, together with the certificate of the recorder that the report was filed in Tazewell county, November 18, 1867, and accompanying the report was a plat of the way the road cut across the tract.

The defendant then introduced the lease of the St. Louis, Jacksonville and Chicago Railroad Company to the defendant, of its road.

Evidence was also offered of an offer by defendant to pay
to plaintiff's agent the amount of the award, which was ob-
jected to but admitted.   There was other evidence not neces-
sary to be stated.

Mr. E. A. WALLACE, for the appellant.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The objections made to the introduction of the several pieces
of evidence in the chain of the defendant's title, are not pressed
here in the argument of the counsel for the appellant.   But
on an examination of these objections, we think they were
properly overruled.

It is mainly insisted by appellant, that the 11th section of
the act entitled "An act to construct a railroad from Jackson-
ville, in Morgan county, to Alton, in Madison county," ap-
proved February 15, 1851, (as the same appears in Private
Laws of 1851, pp. 193 to 198,) is unconstitutional, because the
said section allows the taking of the lands of persons by certain
condemnation proceedings before either ascertainment or pay-
ment of the compensation, and, for this reason, it is insisted
that the whole of said proceedings are null and void.

This is not a new question in this State, nor is it an open
question.   The law is well settled and we are not disposed to
disturb it.

In the case of *Johnson* v. *Joliet and Chicago Railroad Com-
pany*, the validity of a statute almost identical with the one
under consideration was upheld, and, ever since, the constitu-
tionality of such statute has been maintained.   Judge BREESE,
in delivering the opinion, says: "Some of the State constitu-
tions require that the compensation allowed shall precede the
enjoyment of the property,—ours does not."   23 Ill. 202, 206,
208.

Subsequently, in the case of *Rich et al.* v. *City of Chicago*,
59 Ill. 286, the court affirmed this case and reiterated the same
principle.

As these proceedings were taken before the constitution of 1870 was adopted, they do not fall within its provisions.

There is no force in the objection that the petition asks that the commissioners determine the damages which the owner *will* sustain, while the statute requires them to ascertain damages which the owners *have* sustained. It is evident that the statute intended the damages to be as well for the occupation already begun as that to continue, and such is the meaning of the petition. Both contemplated reimbursement to the owner for the injury he might sustain by the use of his land for that purpose.

Without following the various objections made to the proceedings for condemnation, it is sufficient to say that all these questions have been settled in the cases referred to, and we find no cause of objection to the regularity or sufficiency of these proceedings. The commissioners having been duly appointed, and having had jurisdiction of the matters acted upon by them, their action is conclusive in all collateral proceedings. *Galena and Chicago Union Railroad Company* v. *Pound et al.* 22 Ill. 399, 414.

Under like proceedings had under the act discussed, and other like acts of incorporation, many condemnations have been had, and important rights of property acquired, and it will not do to disturb them unless the law imperatively demands it.

The judgment must be affirmed.

*Judgment affirmed.*