## F. J. SCHMITT

*v.*

## J. M. DEVINE *et al.* for use, etc.

*Filed at Ottawa January 19, 1897.*

1. APPEALS AND ERRORS—*objections first made on appeal come too late.* An objection that an attachment bond incorrectly set forth the date of issuance of the attachment writ cannot be considered on appeal, when not raised in the trial court.

2. SAME—*evidence presumed to sustain judgment in absence of bill of exceptions.* In the absence of a bill of exceptions showing the evidence before the trial court when a judgment was rendered, it will be presumed, on appeal, that the judgment entered was fully sustained by the evidence.

3. GARNISHMENT—*interrogatories sufficient though initials of the garnishee are incorrectly stated.* The fact that the caption of the inter-

rogatories incorrectly states the initials of a garnishee does not render the interrogatories insufficient, where such garnishee has been served in his proper name with the attachment writ and a notice of the filing of the interrogatories.

4. PROCESS—*section 1 of Practice act does not apply to scire facias against a garnishee.* The provision of the Practice act, (Rev. Stat. 1874, sec. 1, p. 774,) that when ten days shall not intervene between the time of suing out a summons and the beginning of the next term of court the summons shall be made returnable to the succeeding term, does not apply to *scire facias* against a garnishee.

5. SAME—*scire facias against garnishee must be returnable to the next term of court.* Under the express provision of the Garnishment act (Rev. Stat. 1874, sec. 8, p. 550,) a *scire facias* against a garnishee must be made returnable to the next term of court after its issue, and a court has no jurisdiction to enter a judgment against a garnishee when the *scire facias* is not so returnable.

*Schmitt* v. *Devine,* 63 Ill. App. 289, reversed.

Appeal from the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JAMES GOGGIN, Judge, presiding.

On the 10th day of December, 1894, the United States Heater Company, a corporation, commenced an action of assumpsit in the Superior Court of Cook county against J. M. Devine, Charles P. Meyers and M. P. Keenan, a firm doing business as the Western Steam and Hot Water Heating Company. On the same day an affidavit for an attachment in aid, and a bond, were filed with the clerk of the court, and a writ of attachment in aid was issued to the sheriff of Cook county, dated December 10, 1894, returnable on the 7th day of January next, which directed him to summon F. J. Schmitt, W. S. Jones, W. S. Fisher, Thomas O'Connell and Joseph Aarons as garnishees. On January 7, 1895, the sheriff returned said summons issued in the action of assumpsit, "served on the defendant M. P. Keenan on December 21, 1894, and on the defendant J. M. Devine on December 27, 1894." The defendant Charles P. Meyers was not served. The attachment writ was on the same day returned served on appellant, F. J.

Schmitt, as garnishee, on December 11, 1894. On January 23, 1895, there was entered a judgment by default against the defendants Keenan and Devine, and a conditional judgment by default against appellant, as garnishee. A *scire facias* issued against said Meyers, and was returned "not found." No further proceedings were had as to Meyers and no process was ever served on him. On January 30, 1895,—seven days after the entry of the conditional judgment against appellant as garnishee,— a writ of *scire facias* issued, commanding the sheriff of Cook county to summon the appellant to "the next term of said court, to be held on the first Monday of March," to show cause why said conditional judgment should not be made final. This writ was served on appellant February 15, 1895, and on March 27, 1895, an order was entered making the conditional judgment against appellant final and entering judgment for $691.46. To reverse the judgment of the Superior Court the appellant, F. J. Schmitt, sued out a writ of error in the Appellate Court for the First District, where, upon a hearing, the judgment of the Superior Court was affirmed. To reverse the latter judgment Schmitt appealed, the Appellate Court having issued a certificate of importance under the statute.

LOEB & ADLER, for appellant.

ALLEN & BLAKE, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

In the argument submitted by appellant it is claimed that the judgment should be reversed because the attachment bond was insufficient, and the interrogatories to be answered by appellant, as garnishee, were also insufficient. It is also claimed that the Superior Court had no jurisdiction to render final judgment against appellant because the *scire facias* to show cause was insufficient. It is also insisted, that as Meyers, one of the defendants

in the original action, was never served, the court could enter no judgment in favor of Meyers and others, for the use of the plaintiff, the heater company, against the garnishee.

The objection made to the bond is, that it is conditioned for the payment of damages arising out of the issuance of a writ returnable on the first Monday of January, *1894,* while the writ issued in the cause was returnable on the first Monday of January, *1895.* In all other respects the bond complied with the requirements of the statute, and it was filed and approved by the clerk of the court who issued the writ. The bond was defective, but it was amendable in the Superior Court, and being amendable it was not void, and although defective the defect did not deprive the court of jurisdiction to render the judgment. Had the defendants in the attachment, or the garnishee, appeared in the Superior Court and objected to the bond, the court would have required a new bond or dismissed the suit; but the objection to the bond, when made for the first time on appeal, comes too late. *Dennison* v. *Taylor,* 142 Ill. 45.

As respects the interrogatories: It is not claimed that interrogatories to be answered were filed, but the objection is, they were not properly entitled; that they were entitled, "Interrogatories to be answered by W. S. Schmitt, Joseph Aarons, W. S. Jones, William Fisher and Thomas O'Connor, respectively," while appellant's name was F. J. Schmitt. We do not regard this defect as of any consequence. He was notified by his proper name that interrogatories had been filed, and while the caption of the paper at the head of the interrogatories did not describe his initials correctly he was in no manner deceived or misled by it.

We now come to the question raised in regard to the *scire facias* served on the garnishee. On the 23d day of January, 1895, a conditional judgment was entered in the case, as follows:

"United States Heater Co.

v.                                          *162733.*

J. M. Devine, Charles P. Meyers and M. P. } *Assumpsit and*
  Keenan, as Western Steam and Hot   *Attachment in aid.*
  Water Heating Co.

"It appearing to the court that due personal service of process of garnishee summons issued in said cause has been had on F. J. Schmitt, W. S. Jones, Thomas O'Connell and Joseph Aaron, garnishees herein, and they being now called in open court come not, nor does any person for them, but herein they make default, which is, on motion of plaintiff's attorney, ordered to be taken and the same is hereby entered herein of record, wherefore a conditional judgment ought to be entered against said garnishees: Therefore it is considered by the court that the defendants, J. M. Devine, Charles P. Meyers and M. P. Keenan, as Western Steam and Hot Water Heating Company, for the use of the plaintiff, United States Heating Company, do have and recover of and from the said garnishees the sum of $691.46, and interest thereon from date, being the amount of the original judgment rendered at the date aforesaid, together with all plaintiff's costs and charges in this behalf expended, unless the said garnishees, after being duly served with a *scire facias* to be issued, shall show cause, if any they have, why the above conditional judgment should not be made final and execution issued accordingly."

On the 30th day of January, 1895, a *scire facias* was issued, commanding the sheriff to summon F. J. Schmitt, W. S. Jones, Thomas O'Connell and Joseph Aaron, garnishees, "personally to be and appear before the said Superior Court of Cook county on the first day of the next term thereof, to be holden at the court house in Chicago, in said county, on the first Monday of March next, then and there to show cause why final judgment should not be entered against them." This writ was served on appellant on February 15, 1895, and at the March term a default was taken, and final judgment entered against him on March 27. It will be observed that five days of the January term, 1895, and the February term, intervened between the *teste* and the return day of the *scire facias,* and the question presented is, whether the court

was authorized to render a judgment against a garnishee on a *scire facias* thus issued and served, where the garnishee failed to appear.

The act of January 29, 1827, (Gale's Stat. 1839, p. 529,) and the act of 1845, (Rev. Stat. 1845, chap. 83, p. 413,) both provided that the first process summons "shall be made returnable on the first day of the next circuit court in which the action may be commenced." In case the summons could not be served ten days before the return day the sheriff was at liberty to serve it at any time before the return day, but in such a case the defendant was entitled to a continuance until the next term of the court. Under the foregoing statutes it was uniformly held that if more than a term was allowed to intervene between the *teste* and return day of the summons it was void. (*Hildreth* v. *Hough*, 20 Ill. 331; *Culver* v. *Phelps*, 130 id. 217; *Miller* v. *Handy*, 40 id. 448; *Elee* v. *Wait*, 28 id. 70; *Hochlander* v. *Hochlander*, 73 id. 618.) But by the Practice act of 1872 (Hurd's Stat. chap. 110, p. 1154,) the act of 1845 was changed. It provides that a summons shall be made returnable on the first day of the next term of court in which the action may be commenced. If, however, ten days shall not intervene between the time of suing out the summons and the next term of court it shall be made returnable to the succeeding term. If this statute controlled a *scire facias* like the one in question, then it is plain the summons was properly issued. But we are satisfied this statute does not govern or control a *scire facias* issued against a garnishee. The legislature, at the same session at which the Practice act in relation to the return of a summons was changed, in express terms provided that a *scire facias* against a garnishee should be made returnable to the next term of court, as will be found upon an examination of section 8 of chapter 62 of Hurd's Statutes. That section declares: "When any person shall have been summoned as a garnishee upon any attachment or other writ issued out of any court of record,   *   *   *   and shall fail

to appear or make discovery as by this act required, the court or justice of the peace may enter a conditional judgment against such garnishee for the amount of the plaintiff's demand, * * * and thereupon a *scire facias* shall issue against such garnishee, returnable * * * at the next term of court." This statute is so plain and clear on the question in regard to the return of a *scire facias* that there can be no doubt in regard to what was intended. If the Garnishee act were silent in regard to the return day of the writ, resort might then be had to the Practice act. But such is not the case. Here is a positive provision of the statute directing that the writ shall be returnable at the next term. If it had been intended that a *scire facias* should be made returnable to the second succeeding term, the legislature would no doubt have made the same provision in regard to writs of that character that was made in case of a summons. As the statute required the writ to be made returnable at the next succeeding term, the clerk of the court had no authority to make the writ returnable at another or a different term. The writ must therefore be regarded as a nullity, and the service of such a writ conferred no authority on the court to render judgment against appellant.

One other question remains to be considered. As has been seen, one of the defendants in the action brought by the United States Heater Company, (Meyers,) was not served with process, and it is contended that the court erred in entering judgment against appellant, as garnishee, before Meyers was served with process. The original action was brought against Keenan, Devine and Meyers. No service being had on Meyers, judgment was rendered against the other two defendants. This record contains no bill of exceptions, and in the absence of a bill of exceptions showing the evidence before the court when the judgment was rendered, it will be presumed that the evidence fully sustained the judgment as it was rendered by the court. The fact that the judgment entered against

the garnishee in form includes Meyers with Keenan and Devine is a mere formal defect and injures no one.

For the error indicated the judgments of the Appellate and Superior Courts will be reversed and the cause will be remanded.        *Reversed and remanded.*