I. M. RICE *et al.*

*v.*

MINNIE A. TRAVIS.

*Opinion filed June 23, 1905.*

1. JUSTICES OF THE PEACE—*rule where jurisdiction depends on a fact to be determined by the justice.* Where the jurisdiction of an inferior court, such as a justice of the peace, depends upon a fact which the court is required to ascertain and settle, if the court has jurisdiction of the parties its decision of the question of fact is conclusive in a collateral proceeding.

2. SAME—*jurisdiction of justice of the peace is never presumed.* Jurisdiction of a justice of the peace is never presumed but must appear, or the judgment will be void and subject to collateral attack; but if jurisdiction appears the same rules are applicable as in case of courts of general jurisdiction.

3. SAME—*judgment for plaintiff in replevin is a finding that the justice had jurisdiction.* Where the affidavit for replevin before a justice of the peace states the value of the property at an amount within his jurisdiction, he has jurisdiction to issue the writ and try the question of the value of the property at the hearing, and a judgment in favor of the plaintiff by default is, in effect, a finding, as a question of fact, that the value of the property was within the jurisdiction of the justice.

4. SAME—*when judgment in replevin is res judicata as to value of property.* If the affidavit for replevin before a justice of the peace states the value of the property to be $200, and the justice issues the writ and obtains personal service on the defendant, who defaults, a judgment in favor of the plaintiff is conclusive, as between the parties in a collateral proceeding, that the value of the property was within the jurisdiction of the justice.

5. SAME—*affidavit for replevin before justice of the peace must state value of property.* The affidavit for replevin before a justice of the peace must state the value of the property, since his jurisdiction depends upon such value; and if the affidavit states the value to be over $200 the justice has no jurisdiction to issue the writ, and any judgment rendered by him is void.

6. SAME—*when judgment of justice of peace is conclusive in a collateral proceeding.* The judgment of a justice of the peace for the plaintiff in a replevin suit, where jurisdiction to issue the writ appears on the face of the proceedings and personal service was had on the defendant, who suffered default, is conclusive, in a collateral proceeding, of every defense which might have been made. (*Barnes* v. *Barber*, 1 Gilm. 401, explained.)

APPEAL, from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

SAMUEL A. ETTELSON, for appellants:

The judgment for the plaintiff in the replevin suit before the justice is a complete bar to an action in trespass. *Hess* v. *Miller,* 99 Ill. App. 225; *Bank* v. *Sheppleman,* 97 id. 31.

Where a replevin writ is executed by replevying the property from the defendant in the writ, the writ is a complete protection to the officer and those acting with him, irrespective of the real ownership of the property. *Boyden* v. *Frank,* 20 Ill. App. 169; *Taylor* v. *Morrison,* 73 Ill. 565.

The judgment in the replevin suit was a bar to every material fact properly and necessarily at issue, and evidence is not competent to contradict the conclusions clearly appearing from inspection of the record. *Jernberg* v. *Mix,* 199 Ill. 257.

A judgment concludes both parties and privies, not only as to every ground of recovery or defense which was presented, but also every such ground which might have been presented. *Anderson* v. *Railroad Co.* 200 Ill. 338.

The principle of *res judicata* embraces not only what was actually decided in the replevin suit before the justice, but also extends to any other matter properly involved and which might have been raised and determined, irrespective of whether the cause of action is the same in both cases or not. In other words, the judgment of the justice swept away every defense that might have been made in the replevin suit. *Rogers* v. *Higgins,* 57 Ill. 244; *Kelly* v. *Donlin,* 70 id. 378; *Ruegger* v. *Railroad Co.* 103 id. 449; *Wright* v. *Griffey,* 147 id. 496; *Leopold* v. *Chicago,* 150 id. 568; *Railway Co.* v. *Carson,* 169 id. 247; *Allen* v. *Haley,* 169 id. 532; *Gross* v. *People,* 193 id. 263; *Springer* v. *Darlington,* 198 id. 123.

The value of the property as stated in the affidavit for replevin is considered the value of the property for the purpose

of determining the jurisdiction of the court. *Demier* v. *Baxter*, 18 Mich. 457; *Burt* v. *Addison*, 74 id. 730; *Stephen* v. *Eisemon*, 54 Miss. 535; *Scott* v. *Russell*, 39 Mo. 407; *Bates* v. *Stanley*, 51 Neb. 252.

The value stated in an affidavit for replevin is presumptively correct. In the absence of a finding by the justice the value stated in the affidavit governs. *Peterson* v. *Fowler*, 76 Mich. 261; *Bradley* v. *Morse*, 21 Wis. 681; *Darling* v. *Cowlslie*, 42 id. 481; *Carew* v. *Mathews*, 41 Mich. 579.

Where the justice had jurisdiction the judgment is conclusive. *Railroad Co.* v. *Pound*, 22 Ill. 414; *Railroad Co.* v. *Chamberlain*, 84 id. 342; *Hendrick* v. *Whittemore*, 105 Mass. 28; 1 Black on Judgments, par. 287; *McMillan* v. *Lovejoy*, 115 Ill. 501; *Thatcher* v. *Maack*, 7 Ill. App. 638.

The proceedings of justices of the peace will be sustained in all cases in which they have jurisdiction, however erroneously it may be exercised, and the same presumptions are indulged in favor of the regularity and validity of proceedings as are extended to courts of general jurisdiction. 12 Ency. of Pl. & Pr. 673; *Thatcher* v. *Maack*, 7 Ill. App. 635; *Warner* v. *Matthews*, 18 Ill. 86.

Whenever the jurisdiction of a court not of record depends on a fact which the court is required to ascertain and settle by its decision, such decision is conclusive. 2 Freeman on Judgments, (4th ed.) par. 523; *Wanzer* v. *Howland*, 10 Wis. 8; *Brittain* v. *Kinnaird*, 1 B. & B. 437; *Railroad Co.* v. *Evansville*, 15 Ind. 421; *Railroad Co.* v. *Chamberlain*, 84 Ill. 333.

C. STUART BEATTIE, for appellee:

Appellee being in actual possession of the chattels may maintain trespass against a wrongdoer who cannot show title. *Gilson* v. *Wood*, 20 Ill. 38; *Railroad Co.* v. *Shultz*, 55 id. 421; *Gauche* v. *Mayer*, 27 id. 133.

In attempting to justify under a justice's writ procured by them, appellants must directly aver in their plea the exist-

ence of all the jurisdictional facts. *Whiting* v. *Shufeldt,* 1 Denio, 593.

They must affirmatively prove the existence of all the jurisdictional facts, (*Barnes* v. *Barber,* 1 Gilm. 401,) there being no presumptions to aid jurisdiction.

That the property included in the replevin writ was worth more than $200 is now a settled fact, all controverted questions being disposed of by the Appellate Court judgment.

The jurisdiction of a justice of the peace in replevin is a question of law and fact. *Kirkpatrick* v. *Cooper,* 89 Ill. 210.

When property replevied is in fact worth more than $200 there is no jurisdiction. *Kirkpatrick* v. *Cooper,* 89 Ill. 210.

Appellants having procured a justice of the peace writ in excess of the jurisdiction are presumed to have known the fact. *Barnes* v. *Barber,* 1 Gilm. 401; *Ressler* v. *Peats,* 86 Ill. 277; *Haskins* v. *Haskins,* 67 id. 446.

Appellants having procured a justice of the peace to exceed his jurisdiction are *ipso facto* trespassers when that excessive jurisdiction is executed. *Haskins* v. *Haskins,* 67 Ill. 446; *Ressler* v. *Peats,* 86 id. 277.

Jurisdiction cannot be conferred upon a justice of the peace by misrepresentation of value in the affidavit. *Vogel* v. *People,* 37 Ill. App. 390; *Griffith* v. *Frazier,* 8 Cranch, 23; *Thomas* v. *People,* 107 Ill. 517.

The allegation of value in appellants' affidavit for replevin is unknown to the law. Hurd's Stat. 1903, sec. 4, p. 1502.

Such allegation of value has no use or purpose in this State. *People* v. *Core,* 85 Ill. 248.

Jurisdiction in replevin depends upon an affidavit being filed. (*Evans* v. *Bouton,* 85 Ill. 579.) But such affidavit is not the foundation of jurisdiction. *Frank* v. *Flanagan,* 1 Gilm. 35.

The jurisdiction of a justice of the peace is always open to collateral attack on jurisdictional facts. 12 Ency. of Pl. & Pr. (2d ed.) 204, and note; *Pardon* v. *Dwier,* 23 Ill. 523; *Thatcher* v. *Maack,* 7 Ill. App. 635.

*Res judicata* must be specially pleaded in trespass. *Hahn* v. *Ritter,* 12 Ill. 80; 1 Chitty's Pl. 491.

There is no *res judicata* where the court had not complete jurisdiction. *Monroe* v. *People,* 102 Ill. 406.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

This is a suit in trespass, in which appellee obtained a judgment in the circuit court of Cook county, against appellants, for $927 for the value of household furniture and other goods and chattels taken at the instance of appellants by a constable, on a writ of replevin issued by a justice of the peace of Cook county. The Branch Appellate Court for the First District affirmed the judgment and granted a certificate of importance and an appeal to this court.

The constable who executed the writ was one of the defendants, but the suit was abated as to him by his death. The declaration contained two counts, in each of which it was alleged that the defendants with force and arms seized, took and carried away the goods and chattels of the plaintiff, particularly described in the first count. The defendants filed a plea of the general issue and a special plea, in which they alleged that the goods and chattels were taken by virtue of a writ of replevin issued by a justice of the peace in a suit commenced before him by one C. Meader against plaintiff for the possession thereof, and that on the hearing of said suit the said justice found the right of property and possession of said goods and chattels in the said Meader, and entered judgment accordingly and for damages for the wrongful detention thereof. Plaintiff joined issue on the first plea and replied *de injuria* to the special plea. When the cause came on for trial the death of the constable was suggested and the suit was discontinued as to him. A jury was then waived and the cause was submitted to the court for trial. The property was taken by the constable on a writ of replevin in the suit of C. Meader against the plaintiff, set out in the special

plea, and there was no controversy as to that fact. The plaintiff put in evidence the return of the constable of the writ of replevin, showing the execution of the same by taking the property and delivering it to Meader and reading the writ to plaintiff. The defendants proved the proceedings before the justice of the peace as alleged in their plea, consisting of an affidavit for replevin, in which the value of the goods and chattels was stated to be $200, a writ of replevin issued by the justice in pursuance of said affidavit, a replevin bond, a return by the constable of the execution and service of the writ, and the docket entries of the justice showing the filing of the affidavit, the issuing of the writ and return thereof, the appearance of the plaintiff, Meader, on the return day, the default of the plaintiff in this suit as defendant therein, the swearing and examination of a witness, the finding by the justice of the right to possession of the property in the plaintiff, Meader, and the assessment of damages at one cent. Judgment was entered in pursuance of that finding.

The controverted question of fact between the parties to this suit was whether the property taken by the constable on the writ of replevin was worth more than $200, and on that question plaintiff offered evidence tending to prove that it was worth very much more than $200, while several witnesses testified for the defendants that the value of the property was less than $200. The question of law involved was whether the plaintiff could attack collaterally in this suit the judgment of the justice of the peace on the ground that the property exceeded in value $200. It was contended by the plaintiff that if the property was in fact worth more than $200 the justice of the peace had no jurisdiction, and the entire proceeding before him, and his judgment, were void and could be questioned at any time or place, and that in order to sustain the judgment the defendants were bound to prove the value of the property to be $200 or less.

Propositions were submitted by the plaintiff, which the court held to be the law, to the effect that the defendants

could not justify the taking of the property under the writ of replevin without showing, by a preponderance of the evidence, that such property did not, at the time the writ was issued, exceed in value $200; that the judgment of the justice of the peace on that question was not *res judicata,* and that his finding could not be set up as an estoppel against the plaintiff. The court refused to hold as law propositions submitted by the defendants that the justice of the peace had jurisdiction to pass upon the value of the property in the replevin suit; that the judgment in that suit was a final adjudication against the claim of the plaintiff to said property, or that the judgment was a bar to this suit. The fourth and sixth propositions refused were as follows:

"*Fourth*—The court holds, as matter of law, that an express finding as to value of the property is not and was not an essential part of the judgment of the justice."

"*Sixth*—The court holds, as a matter of law, that the judgment in favor of the plaintiff in the replevin suit before the justice of the peace is an adjudication by the justice that the property in said suit did not exceed the jurisdiction of the justice of the peace."

The court found the defendants guilty and assessed plaintiff's damages at $927, for which amount and costs judgment was entered.

By the statute jurisdiction is conferred upon justices of the peace "in actions of replevin when the value of the property claimed does not exceed $200." (Hurd's Stat. 1899, p. 1068.) The act to revise the law in relation to replevin provides that the person bringing the action shall, before the writ issues, file with the justice of the peace before whom the suit is commenced an affidavit setting forth certain facts; that the writ, when issued by a justice of the peace, shall be directed to any constable of the county and made returnable as writs of summons; that the constable shall take a replevin bond, to be returned with the writ, and shall execute the writ by seizing and delivering the property therein mentioned to

the plaintiff or his agent, and by reading the writ to the defendant, if he can be found. The act in force July 1, 1881, provides as follows: "That where any property has been taken under a writ of replevin issued by a justice of the peace, and it shall appear on the trial that the property so taken exceeds in value the jurisdiction of the justice of the peace, he shall have power to order a return of the property so taken, to the defendant." (Hurd's Stat. 1899, pp. 1386-1389.) Under that act there may be a trial of the question whether the property taken under the writ exceeds in value $200, and if the justice or a jury find that the value exceeds said sum, the justice is authorized to exercise jurisdiction over the property by ordering a return to the defendant. A defendant is permitted by the statute to raise the question of value and have it tried and determined, and to have the property returned to him if its value exceeds the limit of the justice's jurisdiction.

Everything necessary to give the justice of the peace jurisdiction in the replevin suit appeared upon the face of the proceedings. Everything was alleged in the affidavit which was required to set him in motion and to authorize the exercise of the jurisdiction conferred by law. The affidavit described the property and stated its value to be $200. The statute does not, in terms, require the affidavit to state the value of the property, and where the jurisdiction of a court in an action of replevin does not depend upon value it need not be stated. (*People* v. *Core,* 85 Ill. 248.) But where the jurisdiction of the court depends upon the value of the property claimed in the affidavit an allegation of value is indispensable. (18 Ency. of Pl. & Pr. 515.) If an affidavit for replevin presented to a justice of the peace states the value of the property to be over $200 he would have no jurisdiction to issue the writ, because the affidavit would show that he had none as a matter of law. He cannot determine that he has jurisdiction to try a case where the law has not given him jurisdiction, and in such a case his judgment is a nullity

and may be questioned collaterally at any time. If a justice of the peace should attempt to entertain a bill in equity his decree would be utterly void and his decision that he had authority to hear the case would be binding upon no one. Having no powers except those conferred by statute, if he assumes jurisdiction in a case not provided for by the statute his acts are null and void. (*Haskins* v. *Haskins,* 67 Ill. 446; *White* v. *Wagar,* 185 id. 195; *Cox* v. *Spurgin,* 210 id. 398.) So, also, if a judgment of a justice of the peace is for an amount beyond his jurisdiction, and therefore shows that he had no jurisdiction of the subject matter, it will be void and cannot be interposed as a bar in another suit upon the same cause of action. (*Johnson* v. *Logan,* 68 Ill. 313.) If, as a matter of law, justices of the peace had no jurisdiction in actions of replevin the decision of a justice that he had jurisdiction would bind no one. But the question of jurisdiction in such a case is not solely one of law. It is a question of law and fact, and if, as a matter of fact, the property does not exceed in value $200 the justice has jurisdiction. (*Kirkpatrick* v. *Cooper,* 89 Ill. 210.) The value of the property is a question of fact, to be determined by the court or jury, and if it is found to exceed $200, the statute gives the justice jurisdiction to enter a judgment awarding a return of the property to the defendant. The affidavit filed with the justice stated a case within his jurisdiction, and he was authorized, upon a trial, to determine the question of value, and must be held to have found the value of the property to be within his jurisdiction. The question is whether the judgment was a conclusive determination between the parties of the facts essential to the jurisdiction of the justice of the peace, or whether the existence of the facts may be disputed by a party to the suit in a collateral proceeding.

The general rule is, that where the jurisdiction of an inferior court, like a justice of the peace, depends upon a fact which the court is required to ascertain and settle, if the court has jurisdiction of the parties the decision of the ques-

216  17

tion of fact is conclusive and not subject to collateral attack.
(2 Freeman on Judgments, 523.) The rule with respect to
courts of special and limited jurisdiction is, that jurisdiction
is never presumed but must appear or the judgment will be
·void and subject to collateral attack, but when the jurisdic-
tion appears the same rules are applicable as in the case of
courts of general jurisdiction. Any judgment by a justice
of the peace within his jurisdiction is as impregnable against
collateral attack as that of the highest court. The same rule
prevails as to a court or judge exercising a special statu-
tory jurisdiction, and the record must show, upon its face,
that the case is one· which authorizes the court or judge to
act, but if the facts which authorize the exercise of the juris-
diction are alleged to exist in the averments of a petition or
application, the jurisdiction over the subject matter is ac-
quired and the judgment is evidence thereof until set aside
or reversed by a direct proceeding. (*Galena and Chicago
Union Railroad Co.* v. *Pound,* 22 Ill. 399; *Chicago, Burling-
ton and Quincy Railroad Co.* v. *Chamberlain,* 84 id. 333.)
County courts are courts of limited although not inferior
jurisdiction, and in a proceeding for leave to sell real estate
to pay debts of a decedent, if a petition is filed showing the
necessary facts, the jurisdiction cannot, in a collateral pro-
ceeding, be attacked by parol or other evidence outside of
the record. (*Bostwick* v. *Skinner,* 80 Ill. 147.) It was held
in *Thomas* v. *People,* 107 Ill. 517, that the power to decide
a case does not always rest solely upon the averments of the
pleading, and that although the jurisdiction of the county
court is general over the subjects concerning which it is au-
thorized to act, its jurisdiction in respect to administration
of estates is limited to the estates of deceased persons, and
the grant of letters of administration on a living man's estate
is absolutely null and void, although the court is set in mo-
tion by a petition for the appointment of an administrator.
The decision in that case, however, rested also upon the
ground that no one can be deprived of his property or estate

without due process of law, and therefore the title of one not a party to a proceeding cannot be affected thereby. The constitutional right clearly distinguishes such a case from others where the court is authorized to determine the facts essential to its own jurisdiction. The judgment of any court, whatever the nature or extent of its jurisdiction, would be null and void as against any one not a party to the proceeding in which it was rendered.

It is urged in argument that this court decided in *Barnes* v. *Barber,* 1 Gilm. 401, that any one claiming or justifying under a judgment of a justice of the peace must affirmatively show, by evidence outside of the record, that the justice had jurisdiction. That was an action of trover, in which three defendants were served, one of whom was a constable and another a justice of the peace. All of the defendants served filed a plea of the general issue. The constable and justice of the peace filed a plea of justification under a judgment rendered and execution thereon issued by the justice and a levy and sale of the property by the constable. The constable filed a plea in justification under the execution. The court overruled a demurrer to the plea of the constable, and plaintiff standing by the demurrer, the constable was discharged. On the trial the plaintiff suffered a voluntary non-suit as to the justice and the court found the third defendant not guilty. This court held that there could be no review of the judgment as to the justice of the peace for the reason that the plaintiff suffered a voluntary non-suit, nor as to the defendant found not guilty, for want of a motion for a new trial. The judgment entered upon overruling the demurrer was reviewed, and the plea of the constable was held good on the ground that all he was bound to show was an execution showing, upon its face, that the court had jurisdiction of the subject matter, with nothing appearing to apprise him that the court did not also have jurisdiction of the person of the defendant. It was said that the party to a suit, and the court, must show the jurisdiction, while the officer

was not bound to do so, but it was not held that such proof must be made in the manner contended for here. It is the rule that in the case of a justice of the peace, or any court of special or limited jurisdiction, there is no presumption of jurisdiction, but it must appear. The reasons given for the decision in *Bostwick* v. *Skinner, supra,* have equal force in this case, and the same injurious results would follow from holding that the value of property recovered in a replevin suit before a justice of the peace is always open to any one who may choose to raise the question in a collateral proceeding. If the rule contended for is the law for one who loans money upon the security of household furniture and where the property is worth much more than $200, it is also the law for one who recovers property in a replevin suit before a justice of the peace where some other court might conclude that the value was slightly above $200, and, as said in the case referred to, different results might be reached by different tribunals or by the same tribunal at different times, varying in each case to conform to the preponderance of proof then produced.

The plaintiff was personally served with process in the replevin suit, and the statute gave her a right to raise any question she saw fit as to whether the value of the property was within the limit of the justice's jurisdiction, and gave to the justice of the peace authority to determine that question, and, if it was found in her favor, to order a return of the property. She made no defense but suffered a default, and the judgment of the justice of the peace having jurisdiction of her person must be considered conclusive as to every defense that might properly have been made. We are of the opinion that the circuit court erred in ruling on the propositions of law submitted by the parties.

The judgments of the Appellate Court and the circuit court are reversed and the cause is remanded to the circuit court.        *Reversed and remanded.*