FREDERICK HARRY KEAL *et al.* Plaintiffs in Error, *vs.* THOMAS JOHN RHYDDERCK, Defendant in Error.

*Opinion filed April 24, 1925—Rehearing denied June 9, 1925.*

1. ADOPTION—*proceedings for adoption must strictly follow the statute.* As the right of adoption was unknown to the common law and is purely statutory the statute conferring such right must be strictly construed, and no rights of inheritance will be acquired thereby unless the proceedings strictly follow the statute.

2. SAME—*court must have jurisdiction of person and subject matter—partition.* Before a decree for adoption can have vitality the court must have jurisdiction of the subject matter and of the person, and in a partition proceeding where the inheritance of the adopted child is questioned the adoption decree may be attacked on the ground that the court had no jurisdiction to enter it.

3. SAME—*proper petition is essential to jurisdiction.* To give the court jurisdiction of a proceeding for adoption a petition conforming to the requirements of the statute is necessary.

4. SAME—*petition must recite consent of parents or state why they are unfit to have custody of child—insanity.* A petition for adoption of a child under fourteen years of age must state that the parents, if living, consented to the adoption or must give some reason specified in section 3 of the Adoption act why either one or both of the parents are unfit to have the custody of the child, and the statement that one of the parents is insane and the whereabouts of the other unknown is not sufficient.

5. SAME—*summons must be made returnable twenty days after date.* The summons required to be served on resident defendants

in an adoption proceeding must, under the Adoption act, be made returnable twenty days after its date, and where it is made returnable twenty-seven days after date the writ confers no authority upon the court to render a decree binding the defendant served with such writ.

6. SAME—*when service by publication is not sufficient.* The Adoption act requires that the notice by publication which shall constitute service on non-resident or unknown defendants shall be published once and be dated the day of publication, and where the notice is published on three different dates, all of which are different from the date of the notice, such publication will not authorize the default of a defendant within less than twenty days after the last publication.

7. SAME—*when heirs of adoptive parents are not estopped to question validity of adoption—partition.* As it is essential to an estoppel *in pais* that it be mutual and bind both parties, and as the doctrine ordinarily has no application to infants, the adoptive parents or their heirs are not estopped to question the validity of the adoption, and in a partition proceeding the heirs of the adoptive parents may attack the jurisdiction of the court in the adoption proceeding.

8. JURISDICTION—*statutory jurisdiction must appear from record—collateral attack.* Where a court is exercising a special statutory jurisdiction there is no presumption of jurisdiction but the record must show upon its face that the case is one in which the court has authority to act, and if such does not appear to be the case the judgment is void and subject to collateral attack, whether the court is one of general or limited jurisdiction.

9. ESTOPPEL—*an estoppel in pais must be mutual.* An estoppel *in pais* must be mutual and bind both parties, and one who is not bound by it cannot assert it against the other.

FARMER, STONE and HEARD, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of Douglas county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

W. W. REEVES, S. S. DUHAMEL, P. M. MOORE, and C. H. SWICK, for plaintiffs in error.

JOHN H. CHADWICK, guardian *ad litem,* for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The defendant in error, Thomas John Rhydderck, (now known as Thomas Ervin Keal,) was born October 27, 1909. In February, 1910, his mother was adjudged insane and committed to the Kankakee State Hospital, and Thomas was placed by his father in the care of the Illinois Children's Home and Aid Society. In August, 1910, the society delivered Thomas to James W. and Ruth B. Keal, husband and wife, of Tuscola. On March 1, 1916, they filed in the county court of Douglas county a petition to adopt the child. The petition stated the name, age, sex and residence of the child, the name of the mother and that she was insane and confined in the Kankakee State Hospital, the name of the father and that his residence was unknown, and that the child had no legal guardian. The father and mother of the child were made defendants to the petition, and summons was issued commanding them to appear March 27, 1916, and answer the petition. Summons was served upon the mother, Ellen R. Rhydderck, March 4, 1916, by the sheriff of Kankakee county. The sheriff of Douglas county made a return on the summons for the father, David Rhydderck, that he could not be found in his county. Thereupon the county clerk caused to be published in the *Tuscola Journal,* a weekly newspaper, a notice to David Rhydderck and others stating that the petition to adopt Thomas John Rhydderck was filed, and containing this warning: "Now unless you appear within twenty days after the date of this notice, and show cause against such application, the petition shall be taken as confessed and a decree of adoption entered." This notice was dated March 1, 1916, and was published on the second, ninth and sixteenth days of the same month. March 27 a guardian *ad litem* appointed for Ellen R. Rhydderck filed a formal answer to the petition, and the petitioners filed

a formal replication thereto.  David Rhydderck was defaulted.  After hearing evidence the court entered its decree finding that it had jurisdiction of the subject matter and of the parties, that the mother of the child was insane and confined in the Kankakee State Hospital, that the residence of the father of the child was unknown, that the child was in the custody of James W. and Ruth B. Keal, husband and wife, who were fit and proper persons and of sufficient ability to furnish nurture and education for the child, that said persons desired to adopt the child, and decreeing the child to be their adopted child and changing his name to Thomas Ervin Keal.  August 6, 1922, James W. Keal was killed in an automobile accident.  He died intestate, seized of farm lands located in Douglas county.  In addition to the child, Thomas, living in his home at the time of his death, Keal left surviving him his widow, Ruth B. Keal, his sisters, Mae Osborn, Cora Cox and Gertrude Shaffer, his brothers, Frederick and George, a half-brother, Earl, and two nieces, daughters of a deceased sister.  There was filed in the circuit court of Douglas county a bill for the partition of the real estate of which Keal died seized, alleging that the adoption proceedings were void and that Thomas J. Rhydderck is not the adopted son of James W. and Ruth B. Keal, and praying that the lands be partitioned among the widow and the brothers and sisters of deceased.  A decree was entered denying the prayer of the bill, and this writ of error is prosecuted to review that decree.

Where the parents of a child are living and there has been no proceeding in court depriving them of the custody of their child there can be no valid decree of adoption entered unless a verified petition be filed in the circuit or county court of the county in which the person or persons seeking to adopt the child reside or where the child is found, stating (1) the name, sex, age and residence of the child; (2) the name and residence of the person having the custody of the child; (3) the name and residence of the parents

of the child; (4) if the name and residence of any of such persons are not known, the fact that they are unknown; and (5) one or more causes or conditions prescribed by the statute as prerequisite for granting of the decree. Where, as in this case, both parents are living and have not been deprived of the custody of the child, and the child is under fourteen years of age, no valid decree of adoption can be entered until the petition states and the court finds (1) that the parents consent to the adoption, or (2) that one parent consents and the other is unfit to have the custody of the child, or (3) that both parents are unfit, the grounds of unfitness being (a) depravity, (b) open and notorious adultery or fornication, (c) habitual drunkenness for the space of one year prior to the filing of the petition, (d) extreme and repeated cruelty to the child, (e) abandonment of the child, or (f) desertion of the child for more than six months next preceding the filing of the petition. The parents must be made defendants to the petition by name and must be notified of the proceedings by summons if residents of the State, the summons to be made returnable at any time within twenty days after its date, or if non-residents or their residence be unknown, by publication once in some newspaper of general circulation published in the county. If service be by publication, the notice must bear the date of publication and must notify the defendant that he must answer within twenty days after such date.

The right to adopt a child and the right of a person to be adopted as the child of another was unknown to the common law. It was taken from the civil law and introduced into this country by statute. The adoption proceeding being statutory, the validity of a decree of adoption depends upon the compliance with every essential requirement of the statute authorizing it. (*In re Sharon's Estate,* 179 Cal. 447, 177 Pac. 283.) Being in derogation of the common law, the statute conferring the right of adoption must be strictly construed. (*Watts* v. *Dull,* 184 Ill. 86;

*Keegan* v. *Geraghty,* 101 id. 26; *Vaughan* v. *Hubbard,* (Ida.) 221 Pac. 1107.)   Our statute having provided specifically the means by which one sustaining no blood relation to an intestate may inherit his property, the rights of inheritance must be acquired in that manner and can be acquired in no other way.   (*Shearer* v. *Weaver,* 56 Iowa, 578, 9 N. W. 907.)   In *Ex parte Clark,* 87 Cal. 638, 25 Pac. 967, it is said:   "A child by adoption cannot inherit from the adopting parent unless the act of adoption has been done in strict accordance with the statute.   No matter how persuasive may be the equities of the child's case, or how clear the intention of all the parties, it must appear that the statutory conditions have been strictly performed, otherwise the relation never existed, and the right to inherit never was acquired.   The right of adoption is purely statutory.   It was unknown to the common law, and, as the right when acquired under our statute operates as a permanent transfer of the natural rights of the parent, it is repugnant to the principles of the common law; and one who claims that such a change has occurred must show that every requirement of the statute has been strictly complied with. It cannot be said that one condition is more important than another."

The attack made on the proceedings to adopt the child being collateral, the only inquiry proper to be made is whether the county court had jurisdiction to enter the decree.   Before the decree can have vitality the court must have jurisdiction of the subject matter and of the person. (*Rabbitt* v. *Weber & Co.* 297 Ill. 491.)   Where a court is exercising a special statutory jurisdiction the record must show upon its face that the case is one where the court has authority to act.   Jurisdiction in such cases is never presumed, and if it does not appear the judgment will be void and subject to collateral attack.   (*Rice* v. *Travis,* 216 Ill. 249; *Payson* v. *People,* 175 id. 267; *Haywood* v. *Collins,* 60 id. 328.)   Whatever the rank of the court exercising

a special statutory jurisdiction, it is governed by the same rules as courts of limited jurisdiction. (*Calkins* v. *Calkins,* 229 Ill. 68; *Chicago and Northwestern Railway Co.* v. *Galt,* 133 id. 657; *Johnson* v. *VonKettler,* 84 id. 315.) In *Kennedy* v. *Borah,* 226 Ill. 243, we said: "The jurisdiction of county courts to entertain a petition for the adoption of a child and to declare such child to be the adopted child of the petitioner and capable of inheriting his or her estate is a special statutory one unknown to the common law, and falls within the rule that nothing is presumed to be within the jurisdiction of the court which does not appear to be within the same."

In order to give the court jurisdiction of the subject matter it was necessary that a petition conforming to the requirements of the statute be filed. (*Kennedy* v. *Borah, supra; Watts* v. *Dull, supra; Taber* v. *Douglass,* 101 Me. 363, 64 Atl. 653.) The petition filed in this case did not state that the parents, or either of them, consented to the adoption of their child by the petitioners, or that the parents, or either of them, was unfit to have the custody of their child for any of the reasons stated in section 3 of the Adoption act. Section 2 of the act specifically requires that the petition shall state one or more of the conditions which section 3 requires shall be found before an adoption can be decreed. The petition not only fails to state the necessary facts to confer jurisdiction upon the court, but it states a fact that shows conclusively that the court could not, under the law as it now exists in this State, acquire jurisdiction of the subject matter. It appears from the petition that the mother of the child is living and is insane. Being *non compos mentis* she could not consent to the adoption of her child, nor could she be guilty of any of the offenses which would render her unfit to have the custody of her child. Whether the law should permit the child of an insane person to be taken from him and given to another by adoption is a question for the legislature to decide. To

date no provision has been made for such a proceeding, and it follows that none can be had. Since the court had no jurisdiction of the subject matter its order is void and is not the foundation of any right. *Bartholow* v. *Davies,* 276 Ill. 505.

The decree is also void for the reason that the court did not have jurisdiction of the person of the father or the mother of the child. (*People* v. *Seelye,* 146 Ill. 189; *Carter* v. *Botts,* 77 Kan. 765, 93 Pac. 584.) The Adoption act requires that the resident defendants shall be notified of the proceedings by summons, which shall be made returnable at any time within twenty days after the date thereof. The summons issued for Ellen R. Rhydderck was dated March 1, 1916, was served three days later, and was made returnable twenty-seven days after its date. As the statute required the summons to be made returnable within twenty days after its date the clerk had no authority to make it returnable twenty-seven days after its date. The writ must therefore be regarded as a nullity, and the service of the writ conferred no authority upon the court to render a decree in the cause which would bind the mother of the child. (*Schmitt* v. *Devine,* 164 Ill. 537; *Culver* v. *Phelps,* 130 id. 217; *Rattan* v. *Stone,* 3 Scam. 540.) Where the record shows that notice was not given as required by law the court does not acquire jurisdiction of the person. (*Forrest* v. *Fey,* 218 Ill. 165; *Clark* v. *Thompson,* 47 id. 25; *Johnson* v. *Baker,* 38 id. 98.) The statute requires that defendants who reside outside the State or whose residence is unknown shall be notified of the proceeding by publication of an adoption notice, which shall be published once and dated the day of publication. The notice in this case was published on three different dates and bore a date different from all these dates of publication. The last date of publication was March 16, 1916. Twenty days after the date of this publication was April 5, and therefore the

father, David Rhydderck, was not in default March 27, when the default decree was entered.

It is contended by the guardian *ad litem* appointed by the court to represent the child in this proceeding, that the adoptive mother and the heirs of the adoptive father are estopped from asserting the invalidity of the adoption proceedings. The decree of the county court declaring Thomas John Rhydderck to be the adopted child of James W. and Ruth B. Keal, being entered without jurisdiction of the subject matter or of the persons of the defendants to the petition, is *coram non judice* and is subject to attack by any person at any time. (*Bartholow* v. *Davies, supra; Rice* v. *Travis, supra; Haywood* v. *Collins, supra.*) It is clear that there is no estoppel by judgment, and the question remains whether there is an estoppel *in pais.*

To be binding, estoppels must be mutual. (*Chicago and Alton Railroad Co.* v. *Keegan,* 152 Ill. 413; *City of Houston* v. *Southwestern Bell Telephone Co.* 259 U. S. 318, 42 Sup. Ct. 486.) An estoppel must bind both parties, and one who is not bound by it cannot take advantage of it. (*First Nat. Bank* v. *Northwestern Nat. Bank,* 152 Ill. 296; *Mills* v. *Graves,* 38 id. 455.) This rule has been applied to an adoption proceeding. (*Furgeson* v. *Jones,* 17 Ore. 204, 20 Pac. 842.) In general, the doctrine of estoppel *in pais* has no application to infants. (*Wieland* v. *Kobick,* 110 Ill. 16; *Schnell* v. *City of Chicago,* 38 id. 382; *Cobbey* v. *Buchanan,* 48 Neb. 391, 67 N. W. 176.) Since an infant is not directly bound by his ordinary contracts unless ratified after he becomes of age, all obligations in the nature of contract will not be indirectly enforced against him by means of an estoppel created by his conduct while still a minor. (2 Pomeroy's Eq. Jur.—4th ed.— sec. 815.) There is an exception, however, to the rule that the doctrine of estoppel *in pais* is inapplicable to infants. (*Lewis* v. *VanCleve,* 302 Ill. 413.) An infant is liable, when properly sued, for his tort in an action which does

not seek the enforcement of a contract or demand damages for repudiating or for fraudulently inducing the plaintiff to make a contract. To prevent a circuity of action, which is the ground of many estoppels, it is held that an infant of years of discretion should be estopped when proceeding to regain possession of an estate when he by his conduct encouraged a purchaser to buy the estate of another without asserting any claim to it. (Bigelow on Estoppel,—6th ed.—p. 627.) There is nothing in this case, however, which brings the infant, Thomas J. Rhydderck, within the exception noted, or any other exception to the rule with which we are familiar, that the doctrine of estoppel *in pais* is inapplicable to infants. Since the doctrine of estoppel is inapplicable to the child and the element of mutuality is wanting, the doctrine has no application to the facts in this case.

The decree is reversed and the cause is remanded to the circuit court of Douglas county.

*Reversed and remanded.*

FARMER, STONE and HEARD, JJ., dissenting:

We do not agree with the opinion of the court. It is in direct conflict with former decisions of this court, and while the opinion does not expressly mention them, it overrules them all upon the question of collateral attack upon a decree of adoption. These are: *Barnard* v. *Barnard,* 119 Ill. 92; *Kennedy* v. *Borah,* 226 id. 243; *Sullivan* v. *People,* 224 id. 468; *VanMatre* v. *Sankey,* 148 id. 536; *In the Matter of Bohn,* 308 id. 214; *Hopkins* v. *Gifford,* 309 id. 363.

It seems to us stability in the repeated decisions of this court is of great importance, and only an extreme case, if any, would justify departure from a rule of forty years' standing.